Billings, Thomas P., J.
This shareholder derivative action is brought on behalf of Alkermes, Inc., a Pennsylvania corporation. The defendants move to dismiss the complaint on the ground that the plaintiff failed to make demand to Alkermes’ board of directors prior to filing suit, and for lack of standing.
For the reasons that follow, the motion is ALLOWED.
As both sides acknowledge, the law of Pennsylvania governs. G.L.c. 156D, §7.47. Under Pennsylvania law a shareholder must, prior to filing a derivative action,
make a written demand upon the board of directors of the corporation, requesting it to prosecute the action or take suitable corrective measures, unless demand is excused . . . Demand on the board *677 should be excused only if the plaintiff makes a specific showing that irreparable injury to the corporation would otherwise result, and in such instances demand should be made promptly after commencement of the action . . . [Unless demand is excused], the court should dismiss a derivative action that is commenced prior to the response of the board or a committee thereof to the demand .. ., unless the board or committee fails to respond within a reasonable time.
Cuker v. Mikalauskas, 547 Pa. 600, 615-16 (1997), quoting AMERICAN LAW INSTITUTE, PRINCIPLES OF CORPORATE GOVERNANCE: ANALYSIS AND RECOMMENDATIONS §7.03 (1994).
The plaintiffs had not, at the time this case was filed, made demand on the board of directors. The complaint (¶83) states that “Plaintiff has not made a demand on the Board of Alkermes that they commence this action because waiting for such action would cause irreparable injury to the Company ... If this action is not allowed to commence immediately, defendants may attempt to transfer or hide assets to prevent . . . recovery.” It references the example of one Jacob Alexander, CFO of Comverse, Inc., who, when faced with allegations of backdated options (the iype of misconduct alleged in this case), transferred $57 million to an account in Israel.
Neither Alexander nor Comverse is alleged to be related in any way to any of the parties to this case. Nor are there any specific factual allegations, in the Complaint or elsewhere, suggesting that “irreparable injury” would result in this case if demand were made.[3] Speculation that the defendants “may” attempt to divert assets does not carry the plaintiffs burden. See Greenmore, Inc. v. Burchick Const. Co., 908 A.2d 310, 314 (Pa.Super. 2006) (finding that “ ‘irreparable harm’ cannot be based solely on speculation and hypothesis”). The complaint must therefore be dismissed.

ORDER

For the reasons discussed above, Defendants’ Motion to Dismiss Shareholder Derivative Complaint is ALLOWED.

Nor does the plaintiff suggest how expedited filing of the complaint — which seeks no preliminary equitable relief against any defendant — would tend to avert such harm.